UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 10-62766-fra11 |
| SYNERGY JOINT VENTURE, LLC, ) | |
| ) | MEMORANDUM OPINION |
| Debtor. ) | |

This matter is before the Court on the motion of 706 Madrona, LLC ("Madrona") for an order allowing payment of an administrative claim for unpaid rent. The matter was heard on June 8, 2011. For the reasons stated in this memorandum, the Court finds that the motion should be allowed, notwithstanding the Debtor's objection.

On September 12, 2006, the Debtor-in-possession entered into a lease with Madrona which provided for occupancy of a 12,600 square foot area in a building located at 706 Madrona Avenue, S.E., Salem, Oregon.

The subject property was never occupied by the Debtor: instead an entity owned and managed by the same principals called Synergy Fitness, LLC, entered the property remained its sole tenant through the times in question. Both Synergy Fitness and Synergy Joint Venture filed petitions for relief under Chapter 11 of the Bankruptcy Code on May 10, 2010.

The tenants maintain that Synergy Fitness executed a lease agreement with Madrona, although the only lease in evidence is the lease with Synergy Joint Venture. Still, it appears uncontroverted that: (1) Synergy Joint Venture, LLC, the Debtor here, was a tenant, albeit not the only tenant, and (2) only Synergy

Page 1 - MEMORANDUM OPINION

Fitness actually occupied the property.

Approximately $113,000 in rent has accrued post-petition, of which $51,900 was actually paid. The parties have agreed to limit the remaining claim to $30,000. The dispute is over the claims priority.

Relying on Burlington Northern Railroad Co. v. Dant & Russel (In re Dant & Russell), 853 F.2d 700 (9th Cir. 1988), the Debtor-in-possession objects to administrative treatment, alleging that no benefit accrued to the estate from Synergy Fitness's occupation of Madrona's property.

11 U.S.C. § 365(d)(5) provides:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

The phrase "notwithstanding section 503(b)(1)" was added by legislation which became effective shortly after the Dant & Russell opinion was issued. The effect of this clause is that administrative priority is given for non-residential lease claims during the post-petition, pre-rejection period, without regard to the lease's benefit to the estate. In re Pacific-Atlantic Trading Co., 27 F.3d 401, 403-405 (9th Cir. 1994), In re Troutman Invement Co., E04-5, n.7 (Bankr. D.Or. 4/13/04, Radcliffe, J).

The plain language of the statute requires a trustee – which includes any debtor-in-possession, 11 U.S.C. § 1107(a) -- to perform the debtor's obligations post-petition. Notwithstanding the fact that a different entity occupied the property, the Debtor-in-possession here was the tenant named in the lease, and obligated to pay rent, even if it did not recieve any direct benefit. Having failed to do so, the resulting claim is entitled to administrative priority.

The motion is allowed, and Madrona is deemed to hold an allowed administrative claim in the sum of $30,000. Counsel for Madrona shall submit a form of order consistent with the foregoing, which constitutes the Court's findings of fact and conclusions of law.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 2 - MEMORANDUM OPINION